**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AS WIND DOWN LLC (f/k/a Avenue | ) | Case No. 19-11842 (LSS) |
| Stores, LLC), et al, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| DAVID W. CARICKHOFF, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 21-50456 |
| v. | ) | |
| | ) | |
| U.S. TEXTILE & APPAREL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DECLARATION OF COUNSEL IN SUPPORT OF
PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

I, Peter J. Keane, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.      I am an attorney admitted to practice in the United States Bankruptcy Court for the District of Delaware and before this Court, among other jurisdictions.

2.      I submit this declaration ("Declaration") in support of the *Plaintiff's Request for Entry of Default*, pursuant to Federal Rule of Civil Procedure 55(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7055.

3.      I am one of the attorneys for the captioned Plaintiff in this adversary proceeding and have personal knowledge of the facts set forth in this Declaration.

4.      On May 13, 2021, Plaintiff filed the *Adversary Complaint for Avoidance and Recovery Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 and Objection to*

*Scheduled Claims* (the "Complaint")[1] [Adv. Docket No. 1] against defendant U.S. Textile &

Apparel Inc. ("Defendant"), seeking recovery of avoidable transfers.

   5.      On May 13, 2021, the summons (the "Summons") [Adv. Docket No. 2]

was issued.

   6.      The Summons stated that Defendant was required to file a response to the

Complaint within 30 days of the date of issuance of the Summons.

   7.      On May 13, 2021, Plaintiff served the Summons and the Complaint on

Defendant and filed the Certificate of Service.

   8.      The Complaint, Summons, and Certificate of Service are attached as

**Exhibit 1** to this Declaration.

   9.      The time within which Defendant may answer, move or otherwise respond

to the Complaint has expired.

   10.      Defendant has not answered, moved or otherwise responded to the

Complaint within the time limit fixed by Bankruptcy Rule 7012(a) as extended.  In addition, I

have examined the docket in the Adversary Proceeding, and no response by Defendant is

reflected thereon.

   11.      To the best of my knowledge and belief based upon the documents in our

files, Defendant is not an infant, an incompetent person, or in the military service.

---

[1] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the
   Complaint.

DOCS_DE:236563.1 89006/001

3

12.     Pursuant to Del. Bank. L.R. 7055-1, a copy of Plaintiff's Request for

Entry of Default, together with this Declaration, is contemporaneously being served on

Defendant at the addresses listed on the Certificate of Service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.


Dated: October 15, 2021


*/s/ Peter J. Keane*
Peter J. Keane (DE Bar No. 5503)

DOCS_DE:236563.1 89006/001

# <u>Exhibit 1</u>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al,[1]<br><br>                     Debtors. | Chapter 7<br><br>Case No. 19-11842-LSS<br><br>(Jointly Administered) |
| DAVID W. CARICKHOFF, TRUSTEE,<br><br>                     Plaintiff,<br><br>vs.<br><br>U.S. TEXTILE & APPAREL INC.,<br><br>                     Defendant. | Adv. Proc. No. 21-_____ |

**COMPLAINT FOR AVOIDANCE AND RECOVERY**
**OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.**
**§§ 547 & 550 AND OBJECTION TO SCHEDULED CLAIMS**

Plaintiff, David W. Carickhoff in his capacity as chapter 7 trustee (the

"**Plaintiff**"), for the estates of the above-captioned debtors (the "**Debtors**") in the above-

captioned cases of AS Wind Down LLC (f/k/a/ Avenue Stores, LLC), *et al.* pending under

chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his

undersigned counsel, as and for his *Complaint For Avoidance And Recovery Of Preferential*

*Transfers Pursuant To 11 U.S.C. §§ 547 & 550 and Objection to Scheduled Claims* (the

"**Complaint**") against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

**THE PARTIES**

1.      On August 16, 2019, each of the Debtors filed a voluntary petition with

this Court under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly

administered for administrative purposes only.

2.      Each of the Debtors' cases was converted to chapter 7 on November 22,

2019 (the "**Conversion Date**"), and Plaintiff David W. Carickhoff (the "**Trustee**") was

appointed as trustee on the same date.  The Bankruptcy Code authorizes the Trustee to pursue

and prosecute avoidance actions on behalf of the Debtors' estates.

3.      Defendant is a corporation formed under the laws of the State of North

Carolina with its principal office address at 3011 St. Andrews Court, Fort Mill, South Carolina.

**JURISDICTION AND VENUE**

4.      The United States Bankruptcy Court for the District of Delaware (the

"**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy

Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of*

*Reference from the United States District Court for the District of Delaware*, dated February 29,

2012.

5.      This proceeding is a core proceeding within the meaning of 28 U.S.C.

§ 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his

consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that

the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments

consistent with Article III of the United States Constitution.

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8. This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date. The Plaintiff also objects to the following claims scheduled by the Debtors in these cases: Claim numbers 3697474, 3699756, 3699757, 3702091 and 3702544 (the "**Claims**").

## FACTS

9. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

10. During the ninety (90) days prior to the Petition Date, one or more of the Debtors made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "**Transfers**"). All of the Transfers were made by Debtor Avenue Stores, LLC and from controlled disbursement account #8686. Exhibit A sets forth the details of each of the Transfers, including check or payment number, payment date, clear date, payment amount, invoice number, invoice date and invoice amount. The aggregate amount of the Transfers is not less than $108,414.46.

11.     Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).  Plaintiff sent an advance demand letter to Defendant inviting an exchange of information regarding any potential defenses, but no agreement could be reached.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

12.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

13.     Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $108,414.46, as more specifically described in Exhibit A.

14.     Each of the Transfers to the Defendant was a transfer of property of the Debtors.

15.     Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16.     The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 101(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

17.     Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

18.    Each of the Transfers was made while the Debtors were insolvent. The

Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to

11 U.S.C. § 547(f).

19.    Each of the Transfers enabled the Defendant to receive more than the

Defendant would have received if (i) the transfers and/or payments had not been made, and

(ii) the Defendant received payment on account of the debt paid by each of the Transfers to the

extent provided by the Bankruptcy Code.

20.    As of the date hereof, the Defendant has not returned any of the Transfers

to the Plaintiff.

21.    The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547

that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF
### (Recovery of Property -- 11 U.S.C. § 550)

22.    Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

23.    As the Defendant is the initial, immediate, or mediate transferee of the

Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers

under section 550 of the Bankruptcy Code.

24.    As alleged above, Plaintiff is entitled to avoid the Transfers under

11 U.S.C. § 547.  As Defendant is the initial, immediate, or mediate transferee of the Transfers,

Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under

11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF
### (Objection to Scheduled Claims-- Disallowance Under 11 U.S.C. § 502(d))

25.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26.     The Claims assert a right to payment allegedly owed by one or more of the Debtors.

27.     As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b), which is recoverable pursuant to Bankruptcy Code section 550.

28.     Accordingly, pursuant to Bankruptcy Code section 502(d), the Claims must be disallowed unless and until Defendant pays to the Trustee an amount equal to each Preferential Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.     For a determination that the Transfers are avoidable preferential transfers under 11 U.S.C. § 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b.     Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest;

c.     Pursuant to the Third Claim for Relief, for disallowance of the Claims in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of any avoidable and recoverable transactions; and

        d.        For such other and further relief as the Court may deem just and

proper.

Dated:  May 13, 2021                                PACHULSKI STANG ZIEHL & JONES LLP

                                                    */s/ Peter J. Keane*
                                                    Bradford J. Sandler (DE Bar No. 4142)
                                                    Andrew W. Caine (CA Bar No. 110345)
                                                    Peter J. Keane (DE Bar No. 5503)
                                                    919 North Market Street, 17th Floor
                                                    P.O. Box 8705
                                                    Wilmington, Delaware 19899-8705 (Courier 19801)
                                                    Telephone: (302) 652-4100
                                                    Facsimile:  (302) 652-4400
                                                    Email:    bsandler@pszjlaw.com
                                                              acaine@pszjlaw.com
                                                              pkeane@pszjlaw.com

                                                    *Special Counsel to Plaintiff, David W. Carickhoff,*
                                                    *Chapter 7 Trustee for the Estates of AS Wind Down*
                                                    *LLC, et al.*

# Exhibit A

DOCS_DE:234352.1 89006/001

Case 21-50456-LSS    Doc 1-1    Filed 05/13/21    Page 2 of 3

*Bankruptcy Case: 19-11842-LSS Avenue Stores., et al.*

*Transfer Date Range: 05-18-2019 through 08-15-2019*

**TRANSFEROR DEBTOR-AVENUE STORES, LLC**

*Vendor:*

US TEXTILE & APPAREL INC

414C N MAIN ST

BISCOE NC 27209

| Payment # | Payment Date | Clear Date | Payment Amount | Invoice # | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|
| 684214 | 05/08/2019 | 05/20/2019 | $ 39,686.72 | 034912-2019 | 04/29/2019 | -$ 2,176.84 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | 946-79306-2019 | 05/02/2019 | - 48.60 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0032-2019 | 03/11/2019 | 226.32 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0033-2019 | 03/11/2019 | 5,060.52 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0034-2019 | 03/11/2019 | 297.89 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0035-2019 | 03/11/2019 | 2,510.46 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0036-2019 | 03/11/2019 | 2,524.88 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0037-2019 | 03/11/2019 | 3,279.37 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0038-2019 | 03/11/2019 | 53.47 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0039-2019 | 03/11/2019 | 173.13 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0040-2019 | 03/11/2019 | 235.65 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0041-2019 | 03/11/2019 | 398.04 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0042-2019 | 03/11/2019 | 28.29 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0043-2019 | 03/11/2019 | 28.29 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0044-2019 | 03/11/2019 | 45.12 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0045-2019 | 03/11/2019 | 53.32 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0046-2019 | 03/11/2019 | 94.35 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0047-2019 | 03/11/2019 | 196.90 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0048-2019 | 03/11/2019 | 256.45 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0049-2019 | 03/11/2019 | 431.42 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0050-2019 | 03/11/2019 | 364.24 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0051-2019 | 03/11/2019 | 3,183.19 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0052-2019 | 03/11/2019 | 2,699.15 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0053-2019 | 03/11/2019 | 5,164.48 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0054-2019 | 03/11/2019 | 7,445.22 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | INV-0055-2019 | 03/11/2019 | 7,389.91 |
| 684214 | 05/08/2019 | 05/20/2019 | 39,686.72 | PT0023165-2019 | 04/25/2019 | - 227.90 |
| 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | 901165 | 05/09/2019 | - 1,800.00 |
| 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | 948-79306-2019 | 05/09/2019 | - 4.35 |
| 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | 950-79306-2019 | 05/16/2019 | - 13.56 |

Case 21-50456-LSS   Doc 1-1   Filed 05/13/21   Page 3 of 3

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 42 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | 952-79306-2019 | 05/30/2019 | - 5.10 |
| 43 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | 954-79306-2019 | 06/06/2019 | - 4.35 |
| 44 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0057-2019 | 03/28/2019 | 5,060.52 |
| 45 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0058-2019 | 03/28/2019 | 297.89 |
| 46 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0059-2019 | 03/28/2019 | 2,510.46 |
| 47 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0060-2019 | 03/28/2019 | 2,524.88 |
| 48 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0061-2019 | 03/28/2019 | 3,279.37 |
| 49 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0062-2019 | 03/19/2019 | 431.42 |
| 50 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0063-2019 | 03/19/2019 | 364.24 |
| 51 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0064-2019 | 03/19/2019 | 3,183.19 |
| 52 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0065-2019 | 03/19/2019 | 2,699.15 |
| 53 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0066-2019 | 03/19/2019 | 5,164.48 |
| 54 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0067-2019 | 03/19/2019 | 7,445.22 |
| 55 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0068-2019 | 03/19/2019 | 7,389.91 |
| 56 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0077-2019 | 04/15/2019 | 240.46 |
| 57 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0078-2019 | 04/15/2019 | 226.32 |
| 58 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0079-2019 | 04/15/2019 | 4,530.92 |
| 59 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0080-2019 | 04/15/2019 | 53.47 |
| 60 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0081-2019 | 04/15/2019 | 173.13 |
| 61 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0082-2019 | 04/15/2019 | 235.65 |
| 62 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0083-2019 | 04/15/2019 | 398.04 |
| 63 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0084-2019 | 04/15/2019 | 2,005.48 |
| 64 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0085-2019 | 04/15/2019 | 229.15 |
| 65 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0086-2019 | 04/15/2019 | 2,015.10 |
| 66 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0087-2019 | 04/15/2019 | 2,619.94 |
| 67 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0088-2019 | 04/15/2019 | 28.29 |
| 68 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0089-2019 | 04/15/2019 | 28.29 |
| 69 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0090-2019 | 04/15/2019 | 45.12 |
| 70 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0091-2019 | 04/15/2019 | 53.32 |
| 71 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0092-2019 | 04/15/2019 | 196.90 |
| 72 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0093-2019 | 04/15/2019 | 94.35 |
| 73 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0094-2019 | 04/15/2019 | 2,104.35 |
| 74 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0095-2019 | 04/15/2019 | 256.45 |
| 75 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0096-2019 | 04/15/2019 | 4,893.47 |
| 76 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0097-2019 | 04/15/2019 | 4,930.66 |
| 77 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0098-2019 | 04/15/2019 | 3,425.21 |
| 78 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0099-2019 | 04/15/2019 | 1,788.49 |
| 79 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | INV-0100-2019 | 04/15/2019 | 286.43 |
| 80 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | PT0023330-2019 | 05/16/2019 | - 182.61 |
| 81 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | PT0023381-2019 | 05/23/2019 | - 141.04 |
| 82 | 686355 | 06/26/2019 | 07/17/2019 | 68,727.74 | PT0023432-2019 | 05/30/2019 | - 330.97 |
| 83 | TOTAL | | | $ 108,414.46 | 96 | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al, | ) | Case No. 19-11842 (LSS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| DAVID W. CARICKHOFF, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 21-50456 |
| v. | ) | |
| | ) | |
| U.S. TEXTILE & APPAREL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING**</u>

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| | |
|---|---|
| Address of Clerk: | United States Bankruptcy Court |
| | 824 Market Street, 3rd Floor |
| | Wilmington, DE  19801 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.  Name and Address of Plaintiff's Attorneys:

> PACHULSKI STANG ZIEHL & JONES LLP
>  Bradford J. Sandler (DE Bar No. 4142)
>  Andrew W. Caine (CA Bar No. 110345)
>  Peter J. Keane (DE Bar No. 5503)
>  919 North Market Street, 17th Floor
>  P.O. Box 8705
>  Wilmington, DE  19899-8705 (Courier 19801)
>  Telephone: (302) 652-4100
>  Facsimile: (302) 652-4400
>  Email:   bsandler@pszjlaw.com
>              acaine@pszjlaw.com
>              pkeane@pszjlaw.com

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.
YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| | |
|---|---|
| Address: United States Bankruptcy Court | Courtroom No. 2 |
| 824 Market Street, 6th Floor | |
| Wilmington, DE  19801 | Date and Time: TBD |



**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

**United States Bankruptcy**
**Court for the District of Delaware**                    */s/ Una O'Boyle*
Date:  May 13, 2021                                          Clerk of the Bankruptcy Court
DOCS_DE:234357.1 89006/001

Docket # 2
Date: 5/13/21

## CERTIFICATE OF SERVICE

I, Peter J. Keane, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.  I further certify that the service of this summons and a copy of the complaint was made May 13, 2021 by:

☒  Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

### SEE ATTACHED SERVICE LIST

☐  Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐  Residence Service: By leaving the process with the following adult at:

☒  Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐  Publication: The defendant was served as follows: [Describe briefly]

☐  State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]          (name of state)

  Under penalty of perjury, I declare that the foregoing is true and correct.

Dated:  May 13, 2021       */s/ Peter J. Keane*
             Peter J. Keane (DE Bar No. 5503)
             PACHULSKI STANG ZIEHL & JONES LLP
             919 North Market Street, 17th Floor
             Wilmington, DE  19899-8705 (Courier 19801)

AS WIND DOWN LLC – Service List re U.S. Textile & Apparel, Inc.
Main Case No. 19-11842 (LSS)
Doc. No. 234357
01 – First Class Mail
01 – Certified Mail


**First Class Mail**
U.S. Textile & Apparel Inc.
Attn: George Bagdasarian, Pres.
3011 St Andrews Ct.
Fort Mill, SC  29707

**Certified Mail**
George Bagdasarian
414c N. Main Street
Biscoe, NC  27209

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al, | ) | Case No. 19-11842 (LSS) |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DAVID W. CARICKHOFF, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 21-50456 |
| v. | ) | |
| | ) | |
| U.S. TEXTILE & APPAREL INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF DISPUTE RESOLUTION ALTERNATIVES

As party to litigation you have a right to adjudication of your matter by a judge of this Court.  Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge.  Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case.  Alternative Dispute Resolution (ADR) is offered through a program established by this Court.  The use of these services are often productive and effective in settling disputes.  **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration.  In each, the process is presided over by an impartial third party, called the "neutral".

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you.  It fosters an environment where offers can be discussed and exchanged.  In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement.  The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential.  You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator.  At that point, the process is the same as arbitration.  You, through your counsel, will present evidence to a neutral, who issues a decision.  If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

| | |
|---|---|
| Dated:  May 13, 2021 | */s/ Una O'Boyle*<br>Clerk of the Court |